**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                                    Case No.

         **Shelley Lynn Lum**

                Debtor(s)                                    Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

**A.**  The Debtor's Plan Payment will be _____**$760.00  Monthly**_____, paid by  ☑ Pay Order or ☐ Direct Pay
for _____**60 months**_____. The gross amount to be paid into the plan is _____**$45,600.00**____.

**B.**  The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately __**53%**___ of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

**C.**  The value of the Debtor's non-exempt assets is _____**$0.00**_____.

**D.**  If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

**Plan Provisions**

**I.  Vesting of Estate Property**

☑ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☐ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                                    Case No.

           **Shelley Lynn Lum**

                Debtor(s)                                          Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors.  The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition.  Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed.  Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
|  |  |  |

### III.  Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** |  |  |  |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** |  |  |  |

### IV.  Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan.  Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated.  The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2).  Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date.  If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                         Case No.

**Shelley Lynn Lum**

Debtor(s)                                       Chapter 13 Proceeding

☐ *AMENDED*     ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on*
_____ *."*


_____          _____

Debtor                                            Joint Debtor

### V.  Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
|  |  |  |

### VI.  Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.**  Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Volkswagon Credit 2005 Volkswagon Jetta |  | $5,666.00 | $442.00 |

**B.**  Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
|  |  |

Form 11/7/05          *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                          Case No.

**Shelley Lynn Lum**
Debtor(s)                                          Chapter 13 Proceeding

☐ *AMENDED*      ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 3*

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees.  The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor.  No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| James O. Cure | $2,700.00 | Before | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328.  Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| | | | | | | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately ____**53%**____ of their allowed claims.

Form 11/7/05          *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas -  (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                              Case No.

**Shelley Lynn Lum**
                    Debtor(s)                                           Chapter 13 Proceeding

☐ *AMENDED*        ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

---

**Totals:**

| | |
|---|---:|
| Administrative Claims | **$2,700.00** |
| Priority Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$0.00** |
| Unsecured Claims | **$72,970.61** |

**VII.  Supplemental Plan Provisions**

The following are the Supplemental Plan Provisions:

**Acceptance of/Rejection of/Objection to Plan**

ACCEPTANCE OF/REJECTION OF/OBJECTION TO THE PLAN BY HOLDERS OF ALLOWED SECURED CLAIMS
PROVIDED FOR BY THE PLAN.

Each holder of an allowed secured claim provided for by the plan shall be deemed to have accepted the plan unless such
holder files a written rejection of the plan no later than 10 days prior to the confirmation hearing date.  If the holder of an
allowed secured claim files an objection to confirmation of the plan and does not otherwise reject the plan, said holder shall be
deemed to have accepted the plan in all respects except those specifically raised in the objection to confirmation. All written
notices of rejection of the plan shall be filed and served in the same manner as objections to confirmation.

**Provision Regarding Payment of Attorneys Fees**

The Trustee shall make distribution of the base attorney fees at the maximum amount permitted under the First Standing Order
Relating to Chapter 13 Case Administration under BAPCA in the El Paso and Waco Divisions of November 8, 2005, Paragraph
6(B), as amended January 23, 2007, as further amended January 7, 2008.

**Creditor's Direct Communication With Debtors**

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real
property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate
directly with the debtor(s) in response to a
debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other
routine customer service inquires.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                                    Case No.

        **Shelley Lynn Lum**

               Debtor(s)                                    Chapter 13 Proceeding

☐ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 5*

Respectfully submitted this date:  __**10/30/2009**_____.

                                       **/s/ James O. Cure**_____

                                       James O. Cure

                                       2584 Blue Meadow Dr.

                                       Temple, TX 76502

                                       Phone: (254) 778-8934

                                       (Attorney for Debtor)

**/s/ Larry Gene Lum**_____          **/s/ Shelley Lynn Lum**_____

Larry Gene Lum                                          Shelley Lynn Lum

8901 East FM 487                                        8901 East FM 487

Bartlett, TX 76511                                       Bartlett, TX 76511

(Debtor)                                                     (Joint Debtor)

Form 11/7/05          *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas -  (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum** _____     CASE NO.
*Debtor*

**Shelley Lynn Lum** _____     CHAPTER  **13**
*Joint Debtor*

### CERTIFICATE OF SERVICE

---

    I, the undersigned, hereby certify that on October 30, 2009, a copy of the attached Chapter 13 Plan, with any attachments, and Budget and Monthly Family Income were served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

 **/s/ James O. Cure** _____
James O. Cure
Bar ID:05252800
James O. Cure
2584 Blue Meadow Dr.
Temple, TX 76502
(254) 778-8934

---

Bank of America
xxxx xxxx xxxx 7786
PO Box 15026
Wilmington, DE 19850 - 5026

Chase Bank Card Services
xxxx xxxx xxxx 4433
PO Box 15298
Wilmington, DE 19850 - 5298

CitiFinancial
xxxxxxxx-xxx5952
3809 S. General Bruce Drive, Ste 102
Temple, TX  76502

Barclays Bank Delaware
xxxx xxxx xxxx 3921
PO Box 8802
Wilmington, DE 19899

Citibank Mastercard
xxxx xxxx xxxx 9120
P.O. Box 6000
The Lakes, NV 89163

Discover Card
xxxx xxxx xxxx 8318
P.O. Box 15316
Wilmington, DE 19850

Capital One Bank/Visa
xxxx xxxx xxxx 8458
PO Box 30285
Salt Lake City, UT 84101

Citibank/AT&T Universal
xxxx xxxx xxxx 6326
PO Box 6500
Sioux Falls, SD 57117-6500

Discover Card
xxxx xxxx xxxx 8133
P.O. Box 15316
Wilmington, DE 19850

Capital One Bank/Visa
xxxx xxxx xxxx 4991
PO Box 30285
Salt Lake City, UT 84101

Citibank/Sears Mastercard
xxxx xxxx xxxx 2610
PO Box 6282
Sioux Falls, SD 57117 - 6282

GE Money
xxxx xxxx xxxx 8071
PO Box 981064
El Paso, TX 79998 - 1064

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**_____                    CASE NO.

_Debtor_


**Shelley Lynn Lum**_____                    CHAPTER    **13**

_Joint Debtor_

## CERTIFICATE OF SERVICE

(Continuation Sheet #1)

GE Money / Honda
xxxx xxxx xxxx 3838
PO Box 981127
El Paso, TX 79998

Ray Hendren
8310 Capital of Texas Hwy. North
Suite 475
Austin, TX 78731


GEMB/Paypal
xxxx xxxx xxxx 1967
PO Box 981064
El Paso, TX 79998

Volkswagon Credit
xxxxx5658
PO Box 3
Hillsboro, OR 97123


HSBC Card Services
xxxx xxxx xxxx 9384
PO Box 81622
Salinas, CA 93912

Wells Fargo Financial
xxxx xxxx xxxx 1421
PO Box 5943
Sioux Falls, SD 57117 - 5943


Larry Gene Lum
8901 East FM 487
Bartlett, TX 76511


Macy's
xx xxx xxx 845 0
PO Box 8113
Mason, OH 45040


Macy's
xx-xxx-xxx-207-0
PO Box 8113
Mason, OH 45040

B6I (Official Form 6I) (12/07)

In re **Larry Gene Lum**                                      Case No. _____
      **Shelley Lynn Lum**                                                  (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship(s): Daughter<br>Daughter<br>Daughter | Age(s): 12<br>9<br>1 | Relationship(s): | Age(s): |

| **Employment:** | Debtor | Spouse | |
|---|---|---|---|
| Occupation | Corrections Officer /Teacher | Teacher | |
| Name of Employer | FCI, Bastrop | Holland ISD | |
| How Long Employed | 11 years | 12 years | |
| Address of Employer | PO Box 730<br>Bastrop, TX  78602 | 204 Hackberry Road<br>PO Box 217<br>Holland, TX  76534 | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.   Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $5,686.63 | $3,430.00 |
| 2.   Estimate monthly overtime | $0.00 | $0.00 |
| 3.   SUBTOTAL | **$5,686.63** | **$3,430.00** |
| 4.   LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $470.06 | $287.15 |
| b. Social Security Tax | $339.13 | $0.00 |
| c. Medicare | $79.00 | $49.74 |
| d. Insurance | $216.47 | $0.00 |
| e. Union dues | $33.58 | $12.50 |
| f. Retirement     Mandatory               / Mandatory | $73.08 | $219.52 |
| g. Other (Specify)  Voluntary Retirement   / Childcare | $518.88 | $281.66 |
| h. Other (Specify)                         / TRS Care & Benefits | $0.00 | $41.17 |
| i. Other (Specify)                         / Disability | $0.00 | $55.86 |
| j. Other (Specify)                         / Life Insurance | $0.00 | $1.10 |
| k. Other (Specify)                         / WC Professional | $0.00 | $10.69 |
| 5.   SUBTOTAL OF PAYROLL DEDUCTIONS | **$1,730.20** | **$959.39** |
| 6.   TOTAL NET MONTHLY TAKE HOME PAY | **$3,956.43** | **$2,470.61** |
| 7.   Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8.   Income from real property | $0.00 | $0.00 |
| 9.   Interest and dividends | $0.00 | $0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11.  Social security or government assistance (Specify): _____ | $0.00 | $0.00 |
| 12.  Pension or retirement income | $0.00 | $0.00 |
| 13.  Other monthly income (Specify): | | |
| a._____ | $0.00 | $0.00 |
| b._____ | $0.00 | $0.00 |
| c. Annual Tax Refund | $304.32 | $0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | **$304.32** | **$0.00** |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$4,260.75** | **$2,470.61** |
| 16.  COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$6,731.36** | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:   **Larry Gene Lum**                                          Case No. _____
         **Shelley Lynn Lum**                                                      (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home)....................................................... | $850.00 |
|     a. Are real estate taxes included?     ☐ Yes   ☑ No | |
|     b. Is property insurance included?     ☐ Yes   ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel  ..................................................................................... | $300.00 |
|       b. Water and sewer   ..................................................................................... | $81.36 |
|       c. Telephone  ..................................................................................... | $70.00 |
|       d. Other:  Cable..................................................................................... | $70.00 |
| 3. Home maintenance (repairs and upkeep) ..................................................................................... | $75.00 |
| 4. Food  ..................................................................................................................................... | $950.00 |
| 5. Clothing  ..................................................................................................................................... | $250.00 |
| 6. Laundry and dry cleaning  ..................................................................................................... | $40.00 |
| 7. Medical and dental expenses  ..................................................................................................... | $165.00 |
| 8. Transportation (not including car payments)  ..................................................................... | $600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc.  ..................................... | $100.00 |
| 10. Charitable contributions  ..................................................................................................... | $250.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|         a. Homeowner's or renter's   ..................................................................................... | $80.00 |
|         b. Life   ..................................................................................................................... | |
|         c. Health  ..................................................................................................................... | |
|         d. Auto  ..................................................................................................................... | $124.00 |
|         e. Other:  ..................................................................................................................... | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|         a. Auto:   2005 Volkswagon Jetta...................................................................... | $441.00 |
|         b. Other:  Estimated New Vehicle Payment....................................................... | $450.00 |
|         c. Other:  ..................................................................................................................... | |
|         d. Other:  ..................................................................................................................... | |
| 14. Alimony, maintenance, and support paid to others:  ..................................................... | |
| 15. Payments for support of add'l dependents not living at your home:  ......................... | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement)................... | |
| 17.a. Other:  See attached personal expenses............................................................................... | $1,075.00 |
| 17.b. Other:  ..................................................................................................................................... | |
| **18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$5,971.36** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.**

20. STATEMENT OF MONTHLY NET INCOME

a. Average monthly income from Line 15 of Schedule I.............................................................................. $6,731.36

b. Average monthly expenses from Line 18 above...................................................................................... $5,971.36

c. Monthly net income (a. minus b.)  ......................................................................................................... $760.00

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Larry Gene Lum**                                                CASE NO
        **Shelley Lynn Lum**

                                                                         CHAPTER   **13**

## EXHIBIT TO SCHEDULE J

## Itemized Personal Expenses

| Expense | Amount |
|---|---|
| Cell Phones | $100.00 |
| Personal Care | $65.00 |
| Internet | $15.00 |
| School Expenses | $20.00 |
| Baby Necessities | $200.00 |
| Pet Care | $150.00 |
| School Lunches | $50.00 |
| Piano Lessons | $100.00 |
| Children's Camp | $25.00 |
| 529 Contribution | $50.00 |
| Reserve for Emergency Expenses | $300.00 |
| **Total >** | **$1,075.00** |